IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ALLEN WONDERLING,<br>                Petitioner,<br><br>    vs.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION & PAROLE,<br>                Respondent. | Civil Action No. 14-23<br>Chief Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

Michael Allen Wonderling ("Petitioner") is a state prisoner who filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"),[1] challenging the January 2, 2013 denial of his parole application by the Pennsylvania Board of Probation and Parole ("the Board").

It has come to the Court's attention that Petitioner was paroled on March 28, 2016, which is the very relief he sought in his Petition. ECF No. 1 ¶ 15 ("direct Petitioner's immediate release on parole supervision").

Accordingly, the Court issued an Order to Show Cause to Petitioner, ECF No. 13, requiring that he explain why the Petition has not been rendered moot by his release on parole. The Order to Show Cause was sent to Petitioner via first class mail at his address of record. Petitioner was ordered to file his response no later than May 16, 2016. It is now well past May 16, 2016, and no response was filed and, the Order to Show Cause was not returned to the Court as undeliverable.

---

[1] Although Petitioner invokes 28 U.S.C. §2241 as the jurisdictional basis for the Petition, because he is a state prisoner, challenging his state confinement post sentencing, the proper vehicle to challenge his confinement is by means of a Petition filed under 28 U.S.C. § 2254. Coady v. Vauhgn, 251 F.3d 480 (3d Cir. 2001).

Because Petitioner only challenged the denial of his being paroled and he has now been paroled, the Petition is moot and is DISMISSED as such.[2] See, e.g., Bethea v. Bickwell, No. 13–CV–1694, 2015 WL 1608521, at *2 (M.D. Pa. April 10, 2015) ("With respect to his parole claim, Bethea is not challenging his conviction or sentence. Rather, he is challenging the Board's denial of parole and he seeks immediate release on parole. But since Bethea has been released on parole—the very relief that he requested in his petition—this court cannot provide him any relief on this habeas claim. So, as the respondent argues and as Bethea concedes, this claim is now moot. See Razzoli v. FCI Allenwood, 200 F. App'x 166, 169 (3d Cir. 2006) (stating that '[t]hrough the passage of time Razzoli has been released on parole, thereby obtaining the relief that he sought through habeas' and holding that Razzoli's claims that his release on parole was illegally delayed are moot)").

Because jurists of reason would not find dismissal of the Petition for being moot debatable, a Certificate of Appealability is DENIED.

BY THE COURT:

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: June 10, 2016

cc: Michael Allen Wonderling
GN-8942
SCI Forest
P.O. Box
Marienville, PA 16239

All counsel of record via CM-ECF

---

[2] All parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 7 & 8.